# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                      No. CR 12-0252 JB

FELIPE MERCADO-MORENO

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed June 14, 2012 (Doc. 18). The Court held a sentencing hearing on July 3, 2012. The primary issues are: (i) whether the Court should depart downward under U.S.S.G. § 5H1.4 and/or under U.S.S.G. § 5K2.0 in light of Defendant Felipe Mercado-Moreno's poor health; and (ii) whether the Court should vary downward and sentence Mercado-Moreno to a sentence below the advisory guideline range. While the Court does not conclude that a departure under U.S.S.G. § 5K2.0 is warranted, the Court will depart downward 4 levels under U.S.S.G. § 5H1.4 in light of Mercado-Moreno's severe health problems. The Court does not believe that a downward variance would appropriately reflect the factors listed in 18 U.S.C. § 3553(a). The Court will sentence Mercado-Moreno to a term of imprisonment of 12 months and 1 day.

## FACTUAL BACKGROUND

In 1984, Mercado-Moreno was convicted of a state petty theft charge and a burglary charge, and received a sentence of thirty-six-months probation. See Presentence Investigation Report ¶ 25, at 8, disclosed May 25, 2012 ("PSR"). In 1984, Mercado-Moreno was convicted of a state petty theft charge and received a sentence of twenty-four-months probation. See PSR ¶ 26, at 8. In 1984,

he was convicted of a state forgery charge and received a sentence of thirty-six-months probation. See PSR ¶ 27, at 8. In 1999, he pled guilty to two state burglary charges and was "sentenced to two to five years imprisonment," with the sentence "suspended with the condition that the defendant be deported by immigration authorities." PSR ¶ 28, at 8. In 2000, Mercado-Moreno was convicted of a felony federal illegal re-entry charge and received a sentence of 41-months imprisonment. See PSR ¶ 29, at 9. In 2006, Mercado-Moreno pled guilty to a felony federal charge of re-entry of a deported alien previously convicted of an aggravated felony and received a sentence of 50-months imprisonment. See PSR ¶ 31, at 10.

Mercado-Moreno "reported he was diagnosed with Hepatitis C, during 2003, while in the Bureau of Prisons for an immigration related offense." PSR ¶ 44, at 13. "The defendant disclosed during 2007, while in the custody of the Bureau of Prisons (BOP), for an immigration related offense, he was diagnosed with throat cancer." PSR ¶ 45, at 14. "According to BOP records the defendant was diagnosed with a malignant neoplasm (cancer) of other specified sites, right neck glomus tumor, which was resected[1] during a surgical procedure on August 7, 2008." PSR ¶ 45, at 14. In May 2009, Mercado-Moreno had a similar tumor removed from a different part of his body. See PSR ¶ 45, at 14. The PSR relates:

> According to a BOP Health Services Inmate Full Term Release document, dated December 17, 2009, the defendant was also diagnosed during 2009, with Tenosynovitis of right hand and wrist (inflammation of tendon and tendon sheath); Inguinal Hernia (a protrusion of abdominal cavity contents through the inguinal canal), without obstruction or gangrene; Disturbance of salivary secretion; Chronic Hepatitis C without mention of hepatic coma; Dyspepsia (upset stomach or indigestion); and Hypopotassemia (low concentration of potassium ions in the blood).

---

[1] Resect means "[t]o cut off or remove." Stedman's Medical Dictionary 1673 (28th ed. 2006).

PSR ¶ 46, at 14.  Mercado-Moreno also has to use a feeding tube.  See PSR ¶¶ 45-47, at 14.  Medical records from January, 2012, note that Mercado-Moreno "had a resection of neck cancer and had recurring neck pain, had difficulty swallowing, and he had been using oxycodone purchased on the street for pain."  PSR ¶ 47, at 14.  Mercado-Moreno relates that, while in Mexico, his "feeding fell out and [he] was unable to get [his] medical care there."  PSR ¶ 11, at 5.

"On December 24, 2011, a [United States Border Patrol] agent using a Forward Looking Infrared Camera observed an individual, later identified as Felipe Mercado-Moreno enter the United States illegally approximately eight miles east of the Santa Teresa Port of Entry in Sunland Park, New Mexico."  PSR ¶ 6, at 4.  "Subsequently, a USBP agent responded to the area and encountered Mercado-Moreno approximately fifteen yards north of the International boundary between the United States and Mexico."  PSR ¶ 6, at 4.  "The USBP agent identified himself and questioned Mercado-Moreno as to his citizenship."  PSR ¶ 6, at 4.  "Mercado-Moreno admitted he was a citizen of Mexico without proper immigration documents which allowed him to be or remain in the United States."  PSR ¶ 6, at 4.  "The agent arrested Mercado-Moreno, and transported him to the Santa Teresa Border patrol station for processing."  PSR ¶ 6, at 4.  Mercado-Moreno relates that he returned to the United States to visit his doctor, who had told Mercado-Moreno "to come see him in two years."  PSR ¶ 11, at 5.

## PROCEDURAL BACKGROUND

On February 8, 2012, the grand jury issued an Indictment charging Mercado-Moreno with a violation of 8 U.S.C. § 1326(a) and (b), that being reentry of a removed alien.  See Doc. 8.  Mercado-Moreno pled guilty to the Indictment, without a written plea agreement, before the Honorable Lorenzo F. Garcia, United States Magistrate Judge.  See Clerk's Minutes at 1, filed March 19, 2012 (Doc. 15).

The United States Probation Office ("USPO") disclosed a PSR for Mercado-Moreno on May 25, 2012. In the PSR, the USPO calculates Mercado-Moreno's total offense level to be 13. See PSR ¶ 22, at 7. The PSR applies a base offense level of 8 pursuant to U.S.S.G. § 2L1.2. See PSR ¶ 13, at 6. The PSR includes an 8-level upward adjustment, under U.S.S.G. § 2L1.2(b)(1)(C), given that Mercado-Moreno was previously deported after having committed an aggravated felony . See PSR ¶ 14, at 6-7. The PSR includes a 3-level reduction under U.S.S.G. § 3E1.1 based on Mercado-Moreno's acceptance of responsibility. See PSR ¶¶ 20-21, at 7. The PSR lists his criminal history category as IV, based on 7 criminal history points. See PSR ¶ 33, at 11. The PSR calculates that an offense level of 13 and a criminal history category of IV results in a guideline imprisonment range of 24 to 30 months. See PSR ¶ 61, at 16. The USPO recommends a downward departure under U.S.S.G. § 5H1.4 in light of Mercado-Moreno having "significant medical conditions which will require lifelong monitoring and care." PSR ¶ 78, at 18.

On June 14, 2012, Mercado-Moreno filed his Sentencing Memorandum. He

> requests that his sentence be pursuant to the factors set forth in 18 U.S.C. § 3553 and U.S.S.G. §§ 5H1.4 (Physical condition), and 5K2.0 (factors not adequately considered by the Sentencing Commission including the need for lifesaving medical care and instruction by his oncologist to come back for a recheck in two years, and the remote nature of his predicate felony leading to the eight level enhancement.)

Sentencing Memorandum at 1. He asserts that he "returned to Mexico and attempted to survive there, but his feeding tube came out and he was unable to obtain medical care there, or to pass even liquid nutrition down his throat." Sentencing Memorandum at 4. He contends that he re-entered the United States because he was "trying to get back to his oncologist in North Carolina for help." Sentencing Memorandum at 4. Mercado-Moreno represents that one of his doctors has stated that he may be approaching the end of his life based on his liver problems resulting from his hepatitis infection. See Sentencing Memorandum at 5. He argues that "his medical problems both render

-4-

him susceptible to abuse by other inmates, and significantly shorten his life span." Sentencing Memorandum at 6.  He asserts that his condition will only get worse if he has to spend too much time in a federal prison.  See Sentencing Memorandum at 7.  Mercado-Moreno also relates that he was attempting to comply with a doctor's instructions to come back for a check-up when he re-entered the United States on this occasion.  See Sentencing Memorandum at 10.  He asks the Court for an 8-month sentence.  See Sentencing Memorandum at 6.

On June 20, 2012, the United States filed its United States' Response to Defendant's Sentencing Memorandum.  See Doc. 19 ("Response").  The United States "does not oppose a departure pursuant to U.S.S.G. § 5H1.4."  Response at 2.  The United States also asserts that, "as far as Defendant's health affects factors set forth in 18 U.S.C. § 3553(a)," it "does not oppose a variance and defers to the Court for an appropriate sentence."  Response at 2.  The United States "does oppose a departure pursuant to U.S.S.G. § 5K2.0," because "[e]ntering the United States for medical treatment does not negate the offense of illegally entering the United States."  Response at 2.  It argues that a person returning to the United States "for medical treatment does not 'trump' immigration law."  Response at 2.

At the sentencing hearing on July 3, 2012, the Court stated that it had some concerns about departing downward on Mercado-Moreno's sentence in light of his prior re-entry offenses.  See Transcript of Hearing at 4:10-23 (taken July 3, 2012)(Court)("Tr.").[2]  The United States noted that it felt Mercado-Moreno's health problems are severe enough to justify a departure under U.S.S.G. § 5H1.4.  See Tr. at 4:2-6 (Henderson.).  The Court concluded that a 4-level downward departure was appropriate in light of his serious health problems.  See Tr. at 4:10-23 (Court).

---

[2]The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

Mercado-Moreno argued that a further variance to a sentence of 8 months is appropriate in light of his proximity to death given his severe liver problems. See Tr. at 5:17-6:20 (Converse).

## ANALYSIS

There being no disputes about the PSR's factual findings, the Court adopts them as its own. While the Court does not conclude that a departure under U.S.S.G. § 5K2.0 is warranted, the Court will depart downward 4 levels under U.S.S.G. § 5H1.4 in light of Mercado-Moreno's severe health problems. The Court does not believe that a downward variance would appropriately reflect the factors listed in 18 U.S.C. § 3553(a). The Court will sentence Mercado-Moreno to a term of imprisonment of 12 months and 1 day.

**I.   THE COURT WILL DEPART DOWNWARD 4 LEVELS ON MERCADO-MORENO'S OFFENSE LEVEL UNDER U.S.S.G. § 5H1.4, BUT WILL NOT DEPART DOWNWARD UNDER U.S.S.G. § 5K2.0.**

Under U.S.S.G. § 5H1.4, while physical condition is normally not relevant in determining whether to depart from the guidelines, "an extraordinary physical impairment may be a reason to depart downward." U.S.S.G. § 5H1.4. U.S.S.G. § 5K2.0(a)(2)(B) provides: "A departure may be warranted in the exceptional case in which there is present a circumstance that the Commission has not identified in the guidelines but that nevertheless is relevant to determining the appropriate sentence." U.S.S.G. § 5K2.0(a)(2)(B). In most cases, "departures based on grounds not mentioned in the Guidelines will be highly infrequent." Koon v. United States, 518 U.S. 81, 95-96 (1996). Although such departures under U.S.S.G. § 5K2.0 may be infrequent, unusual circumstances may be sufficiently extraordinary that they are accepted as a basis for departure and thereby become relevant to sentencing. See Koon v. United States, 518 U.S. at 95-96. The Sentencing Commission has advised courts in applying departures:

> The Commission intends the sentencing courts to treat each guideline as carving out

> a "heartland," a set of typical cases embodying the conduct that each guideline describes. When a court finds an atypical case, one to which a particular guideline linguistically applies but where conduct significantly differs from the norm, the court may consider whether a departure is warranted.

U.S. Sentencing Manual ch. 1 pt. A.4(a), at 6 (2011).

The Court concludes that Mercado-Moreno suffers from an extraordinary physical impairment that counsels in favor of a 4-level downward variance. The Court has seen few defendants with as serious health problems as Mercado-Moreno. He has had several tumors removed from his body, has a permanent feeding tube, and has serious liver problems. It appears that he may not have much time left in light of the progression of his liver disease. As the PSR indicates, some of these conditions he may have developed while in prison. Mercado-Moreno "reported he was diagnosed with Hepatitis C, during 2003, while in the Bureau of Prisons for an immigration related offense." PSR ¶ 44, at 13. For someone in as poor of health as Mercado-Moreno, the conditions in prison could be fatal. He would also be more vulnerable physically to other prisoners. In light of his serious health problems, his case falls outside the heartland of cases that the federal courts, as well as the judges in this district, see. Thus, the Court will depart downward 4 levels under U.S.S.G. § 5H1.4.

Any further departure under U.S.S.G. § 5K2.0 is not warranted. The Court understands that Mercado-Moreno was attempting to come visit a doctor in the United States, but the Court does not believe that this fact counsels in favor of a downward departure. The Court has already departed to account for his extensive medical problems. It is not willing to depart further to account for this doctor's visit. While medical care may be better in the United States, Mercado-Moreno has already been deported from this country twice. He knows that he is not supposed to return. In most cases, "departures based on grounds not mentioned in the Guidelines will be highly infrequent." Koon v.

United States, 518 U.S. at 95-96. The Court has already departed downward 4 levels under U.S.S.G. § 5H1.4. While the Court recognizes that a departure is authorized, it is not inclined to depart in this case. Even if a departure were warranted, the Court would exercise its discretion not to depart.

## II.    THE COURT WILL SENTENCE MERCADO-MORENO TO A TERM OF IMPRISONMENT OF 12 MONTHS AND 1 DAY.

Other than on the issue of a downward departure under U.S.S.G. § 5H1.4, the Court will adopt the sentencing calculation in the PSR as its own. After the Court grants a 4-level downward departure, Mercado-Moreno's offense level is 9. A criminal offense level of 9 and a criminal history category of IV yields a guideline imprisonment range of 12 to 18 months.

The Court has carefully considered the parties' arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is appropriate for Mercado-Moreno's offense. The Court concludes that a term of imprisonment of 12 months and 1 day best reflects the seriousness of this offense. With good time, which the sentence will provide, see 18 U.S.C. § 3624(b)(1) (noting that "a prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year"), the sentence will be about 10 and 1/2 months, approximately 2 and 1/2 months more than the sentence for which he asks. Beyond his health conditions, there are few other mitigating factors in this case. Mercado-Moreno has some significant criminal history and has two prior re-entry offenses. In 2000, Mercado-Moreno was convicted of a felony illegal re-entry charge and received a sentence of 41-months imprisonment. See PSR ¶ 29, at 9. In 2006, Mercado-Moreno pled guilty to a felony charge of re-entry of a deported alien previously convicted of an aggravated felony and received a sentence

of 50-months imprisonment.  See PSR ¶ 31, at 10.  The Court is reluctant to vary any more given that his federal convictions have not deterred him from re-entering the United States.  Although a sentence of 12 months and 1 day is the lowest sentence he has received for an immigration offense, it is still a sentence within the advisory guideline range after the Court departs for his health conditions.

The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals.  The Court believes that a sentence of 12 months and 1 day is appropriate to reflect the seriousness of Mercado-Moreno's crime.  This sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a).  This is Mercado-Moreno's third immigration offense, so the crime is a serious one in light of his continued violation of the United States' laws.  Given that the sentence is within the advisory guideline range, the Court concludes that the sentence reflects the seriousness of the offense and promotes respect for the law.  Given that the Court has already accounted for Mercado-Moreno's health problems through a downward departure, the Court concludes that the sentence provides just punishment.  Any further variance to reflect his health problems would not be appropriate.  Although the sentence is lower than the prior immigration sentences Mercado-Moreno has received, it is still a guideline sentence.  Consequently, the Court concludes that the sentence affords adequate deterrence both to Mercado-Moreno specifically and the public at large, as well as avoids unwarranted sentencing disparities among similarly situated defendants.  Lastly, Mercado-Moreno does not pose much of a threat to the public.  He has severe health problems, including having to use a permanent feeding tube.  He may not live more than a

few years.  His risk of causing further harm to the public is reduced in light of his significant health problems.  While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence.  Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable.  And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.).  The Court sentences Mercado-Moreno to a term of imprisonment of 12 months and 1 day.

**IT IS ORDERED** that the requests in the Defendant's Sentencing Memorandum, filed June 14, 2012 (Doc. 18), are granted in part and denied in part.  The Court sentences Mercado-Moreno to a term of imprisonment of 12 months and 1 day.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Shammara Henderson
  Assistant United States Attorney
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Kari Converse
　Assistant Federal Public Defender
Federal Public Defender's Office
Albuquerque, New Mexico

　　*Attorneys for the Defendant*